UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| CINCINNATI INSURANCE COMPANY, | ) | |
|---|---|---|
| | ) | |
| *Plaintiff*, | ) | No. 1:05-CV-161 (lead case) |
| | ) | |
| v. | ) | Chief Judge Curtis L. Collier |
| | ) | |
| GRAND POINTE, LLC, *et al*, | ) | |
| | ) | |
| *Defendants*. | ) | |

| RLI INSURANCE COMPANY, | ) | |
|---|---|---|
| | ) | |
| *Plaintiff*, | ) | No. 1:05-CV-157 |
| | ) | |
| v. | ) | Chief Judge Curtis L. Collier |
| | ) | |
| GRAND POINTE, LLC, *et al*, | ) | |
| | ) | |
| *Defendants*. | ) | |

# **M E M O R A N D U M**

Previously, the Court granted Plaintiff RLI Insurance Company's ("RLI") motion for summary judgment and declared it did not have a duty to defend or indemnify Defendants Grand Pointe, LLC; Century Construction of Tennessee, LLC, a Tennessee Limited Liability Company; Century Construction of Tennessee, LLC, an Alabama Limited Liability Company; Southern Century, LLC; CEMC IV, L.P.; Clifford Byrd Harbour, III; and Robert H. Chandler (collectively "Defendants" or "Insureds") in connection with an Alabama lawsuit ("Underlying Lawsuit") (Court File Nos. 114 & 115).[1]  In doing so, the Court resolved the principle dispute between the parties.

---

[1] The Court subsequently denied Defendants' motion for reconsideration of its previous rulings concerning this issue (Court File Nos. 162 & 164).

However, some matters remained unresolved. Specifically, RLI states in its complaint it "is entitled to reimbursement for all costs, fees, and expenses incurred by it in defending the insureds [Defendants] in the Underlying Lawsuit" (1:05-CV-157, Court File No. 1 at 7). Pursuant to 28 U.S.C. § 636(b)(1), the Court referred this matter to United States Magistrate Judge Susan K. Lee ("magistrate judge") on August 17, 2006 for a report and recommendation concerning a determination of the reimbursement of fees and expenses (Court File No. 118).[2]

Thereafter, the magistrate judge entered a schedule for submission of dispositive motions (Court File No. 136). Subsequently, RLI filed a motion for summary judgment as to the issue of reimbursement of fees and expenses (1:05-CV-157, Court File No. 57) (1:06-CV-161, Court File No. 143). The magistrate judge issued a report and recommendation ("R&R") concerning this motion as well as two procedural motions[3] on June 12, 2007 (Court File No. 165). In the R&R the magistrate judge recommended the Court grant RLI's motion for summary judgment and award it $481,512.36, as well as prejudgment interest, as reimbursement for fees and expenses incurred in defending Defendants in the Underlying Lawsuit (*id.*). The magistrate judge also ordered that within five (5) days after the issuance of the R&R, RLI file a supplemental statement calculating the amount of prejudgment interest it seeks at a rate of five (5) percent simple interest per annum beginning on August 11, 2006, the date of the Court's order declaring RLI had no duty to defend or indemnify Defendants as a matter of law (*id.*). RLI filed the supplement within the required time

---

[2] Case number 1:05-CV-157 and 1:05-CV-161 were previously consolidated (Court File No. 37). Therefore, unless otherwise indicated, all Court File references are to the lead case, 1:05-CV-161.

[3] (1) RLI's motion to strike Defendants' second response in opposition to RLI's motion for summary judgment (Court File No. 159 ), and (2) Defendants' motion for leave to file the second response to RLI's motion for summary judgment (Court File No. 160).

2

period, on

June 19, 2007 (Court File No. 166).

On June 26, 2007, Defendants timely filed objections to the R&R, as well as a supporting memorandum, arguing the magistrate judge erred in finding RLI is entitled to summary judgment on this issue and in recommending the Court award a judgment in RLI's favor (Court File Nos. 167 & 168). RLI filed a response to Defendants' objections (Court File No. 169). Subsequently, the magistrate judge filed a supplemental report and recommendation ("supplemental R&R"), which found RLI's calculation to be correct and recommended RLI be awarded prejudgment interest in the amount of $19,662.64 (Court File No. 170). Neither party filed objections to the supplemental R&R.

## I.  STANDARD OF REVIEW

This Court must conduct a *de novo* review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The Court has already outlined the applicable facts at length in its previous memorandum opinions (Court File Nos. 105 ,114 & 162). Additionally, as neither party objects to the magistrate judge's factual findings, the Court will **ACCEPT** and **ADOPT** by reference the magistrate judge's statements of the procedural and factual background contained in her R&R (Court File No. 165 at

3-11).[4]

## III. ANALYSIS

The Court finds the magistrate judge correctly stated the relevant issue in this matter: "May an insurer seek reimbursement from an insured for defense costs and settlement funds paid on behalf of the insured when it is subsequently determined the insurer owed no duty to defend or indemnify the insured, and the insurance policy does not expressly provide for a right of reimbursement?" (Court File No. 165 at 11). The magistrate judge thoroughly and exhaustively considered this issue of first impression under Tennessee law in her forty-two (42) page R&R. After an extensive analysis, including an explanation of both the majority and minority approaches,[5] the magistrate judge reasonably concluded Tennessee would follow the majority approach which allows reimbursement.[6] Therefore, the magistrate judge recommended RLI be awarded a judgment against

---

[4] Despite Defendants' argument, the Court finds the magistrate judge's conclusion that no genuine issues of material fact are in dispute is supported by the weight of the evidence.

[5] The magistrate judge cites a Texas Supreme Court case, *Texas Ass'n of Counties County Gov't Risk Mgmt. Pool v. Matagorda County*, 52 S.W.3d 128 (Tex. 2000), in her explanation of the minority position. However, the Court notes the "Texas Supreme Court has since backed away from its statement [in *Matagorda County*] that a unilateral reservation-of-rights letter cannot create rights not contained in the insurance policy . . . The court now recognizes that, in certain circumstances, unilateral conduct of the insurer can give rise to a right to reimbursement." *St. Paul Fire and Marine Ins. Co. v. Compaq Computer Corp.*, 377 F.Supp.2d 719, 724 (D. Minn. 2005) (citing *Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools, Inc.*, No. 02-0730, 2005 WL 1252321 (Tex. May 27, 2005)) (internal citations and quotation marks omitted). Regardless, the case cited by the magistrate judge does reflect the minority position.

[6] The Court finds the magistrate judge's reliance on the United States Court of Appeals for the Sixth Circuit's ("Sixth Circuit") opinion in *United Nat'l Ins. Co. v. SST Fitness Corp.*, 309 F.3d 914 (6th Cir. 2002) reasonable and appropriate under the facts and circumstances of this case. Accordingly, Defendants' attempts to factually distinguish that case are without merit. Specifically, Defendants' reliance on *Am. Motorist Ins. Co., v. Custom Rubber Extrusions, Inc.*, No. 1:05cv2331, 2006 WL 2460861 (N.D. Ohio Aug. 23, 2006) is misplaced. In that case, the Federal District Court for the Northern District of Ohio engaged in a very fact specific analysis and refused to extend the

all Defendants, jointly and severally, for the costs and expenses RLI incurred in defending them when it, in fact, did not have a duty to defend.

Defendants' specific written objections to the R&R include:[7] (1) Alabama law, which does not allow reimbursement, governs RLI's right to reimbursement, (2) the relevant issue should be certified to the Tennessee Supreme Court, (3) Tennessee would follow the minority approach regarding the relevant issue, (4) even if Tennessee were to apply the majority position, RLI would not be entitled to reimbursement of any fees paid after Defendants objected to RLI's claim for reimbursement, (5) even if Tennessee were to apply the majority position, RLI would not be entitled to reimbursement of settlement monies,[8] (6) Tennessee law does not support a finding of an implied-

---

principles of *SST Fitness Corp.* to an insured's right to reimbursement of a final judgment, not a settlement payment. That Court's holding was premised upon the differences between "defenses costs" and a "final judgment." The Court thinks settlement payments belong in the first category and are therefore, unaffected by this decision. The Court finds the magistrate judge provided adequate legal support in the R&R for her conclusion that RLI is entitled to reimbursement of the settlement payment it made in the Underlying Lawsuit (Court File No. 165 at 28-31). Additionally, RLI cites another case which supports the magistrate judge's conclusion on this issue. *Travelers Prop. Casualty Co. of Am. v. Hillerich & Bradsby Co., Inc.*, No. 3:05CV-533-H, 2006 WL 2524145, *2 (W.D. Ky. Aug. 28, 2006) (finding Kentucky courts would likely adopt a rule which allows an insurer a right to reimbursement of settlement payments since such a rule "encourages insurers to participate in settlement agreements and it places the financial and legal burden upon the insurer, not the insured, to pursue reimbursement").

[7] The Court is required to perform a *de novo* review only as to specific written objections to the R&R. The Court need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("the parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider"). Accordingly, Defendants' attempt to incorporate their previous arguments and briefs into their specific written objections to the R&R must fail (Court File No. 168 at 3-4).

[8] Defendants argue the facts do not support the magistrate judge's conclusion that RLI adequately reserved its right to seek reimbursement of settlement costs. Defendants cite *Allstate Ins. Co. v. Dixon*, No. 01-A-01-9011CH00421, 1991 WL 79549 (Tenn. Ct. App. May 17, 1991), which indicates a reservation of rights must fairly, adequately, and specifically inform the insured of the insurer's position, in support of this argument. Even though the magistrate judge does not cite this

5

in-law contract,[9] (7) the policy language prevents RLI from unilaterally altering the policy,[10] (8) RLI is not entitled to a judgment against Defendant Robert Chandler since he is not a named insured under the policy, nor is he jointly and severally liable,[11] and (9) since the Court finds Tennessee law governs the issues in this case, Alabama law does not govern the issue of joint and several liability

---

specific case, she cites other cases which stand for the same propositions in support of her conclusion on this issue. Therefore, the magistrate judge's conclusion that RLI provided adequate notice to Defendants of its claim for reimbursement of settlement payments is not erroneous.

[9] Defendants continue to argue *SST Fitness Corp.* is factually distinguishable from this case because they objected to RLI's claim of reimbursement even though they accepted its payment of defense and indemnity costs. *SST Fitness Corp.*, 309 F.3d 914. Defendants specifically focus on the Sixth Circuit's statement in that case that the insured did not object to the insurer's reservation of rights. *Id*. at 920. The Sixth Circuit made this statement in connection with its finding that the insurer had met its burden of establishing an implied-in-fact contract between the parties since such a contract requires a "meeting of the minds" under Ohio law. *Id*. at 919-20 (predicting Ohio law). In contrast, the magistrate judge found an implied-in-law contract existed between the parties in this case based upon Defendants' acceptance of RLI's payment of defense and settlement costs over Defendants' objection to RLI's right to reimbursement (Court File No. 165 at 24-31). Such a finding does not require a "meeting of the minds" or mutual intent between the parties (*id*. at 22-23). Therefore, Defendants' attempt to distinguish *SST Fitness Corp.* fails.

[10] The Court finds the magistrate judge correctly rejected this argument by, among other things, asserting reservation of rights letters are allowed under Tennessee law (Court File No. 165 at 21-22).

[11] Defendants fail to provide legal support for their argument concerning this issue and simply contend "as a matter of public policy" Defendant Chandler should not be required to reimburse RLI (Court File No. 168). There is no dispute Defendant Chandler received and accepted the defense RLI funded. Defendants focus on the fact that RLI specifically mentioned Defendant Clifford Harbour, but not Defendant Robert Chandler, in a letter it sent Defendants after settlement of the "glass claims." As both the magistrate judge and RLI correctly point out, this was only one of many communications exchanged between the parties concerning RLI's claim for reimbursement. Defendant Chandler was included in the initial reservation of rights letter as well as the complaint in this matter, in addition to the November 2005 correspondence which was exchanged between RLI and his attorneys (Court File No. 165 at 37-39) (Court File No. 169). Therefore, the weight of the evidence supports the conclusion that Defendant Chandler received notice of RLI's claim for reimbursement.

(Court File Nos. 167 & 168).[12] With the exception of the last objection, which is without merit, these are essentially the same arguments Defendants have made throughout the pendency of this matter (Court File Nos. 153 & 158). The magistrate judge comprehensively considered and adequately disposed of these objections in her R&R. After performing a *de novo* review, by carefully reviewing the record, the arguments of the parties, and the applicable law, the Court finds the magistrate judge's findings to be supported by the weight of the evidence and her legal analysis to be correct under the relevant law. Additionally, the Court finds the magistrate judge's findings of fact and legal analysis to be correct in her supplemental R&R, which dealt with the issue of prejudgment interest.[13] Accordingly, the Court **ADOPTS** the magistrate judge's R&R and supplemental R&R and fully incorporates both in this memorandum as the Court's opinion.

IV. **CONCLUSION**

Therefore, for the foregoing reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's findings of fact, conclusions of law, and recommendations contained in her R&R (Court File No. 165) and supplemental R&R (Court File No. 170) and will enter a **JUDGMENT ORDER**

---

[12] The last objection is the only one Defendants did not assert prior to the issuance of the R&R. The Court agrees with the finding in the R&R that Tennessee law controls this declaratory judgment action under the "law of the case" doctrine (Court File No. 165 at 39). Additionally, the Court finds to the extent the magistrate judge relied on Alabama law concerning whether the individual Defendants should be jointly and severally liable for reimbursement was appropriate since, as evidenced by the complaint, the Underlying Lawsuit was brought in Alabama state court pursuant to Alabama state law (Court File No. 1, Attachment 4). The Court notes the magistrate judge provided other valid reasons for holding Defendant Chandler jointly and severally liable for reimbursement. Therefore, Defendant's last objection is without merit.

[13] Defendants' failure to file any specific objections to the supplemental R&R within the required ten (10) day period can be deemed a waiver of an objection to that calculation. *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002).

which:

(1) **GRANTS** RLI"s motion for summary judgment (1:05-CV-161, Court File No. 143) (1:05-CV-157, Court File No. 57);

(2) **AWARDS** RLI $481,512.36 for fees, costs, expenses, and indemnity provided by RLI to Defendants in connection with the Underlying Lawsuit;

(3) **AWARDS** RLI pre-judgment interest in the amount of $19,662.64 (calculated at a rate of 5% per annum from August 11, 2006 to June 12, 2007);

(4) **ORDERS** all Defendants, as defined herein, are jointly and severally liable for these awards;

(5) **GRANTS** Defendants' motion for leave to file a second response brief (1:05-CV-161, Court File No.160) (1:05-CV-157, Court File No. 74);

(6) **DENIES** as **MOOT** RLI's motion to strike Defendants' supplemental response (1:05-CV-161, Court File No. 159) (1:05-CV-157, Court File No. 73); [14] and

(7) **ORDERS** the Clerk to **CLOSE** Case number 1:05-CV-161 and Case number 1:05-CV-157, as the accompanying Order resolves all remaining issues in this matter.[15]

An Order shall enter.

---

[14] In contradiction to the Local Rules, Defendants filed a supplemental response brief after RLI filed its reply brief without leave of the Court (Court File No. 158). RLI filed a motion to strike Defendants' supplemental response pursuant to E.D. TN. LR 7.1(d) (Court File No. 159). Subsequently, Defendants' filed a motion for leave to file a supplemental brief (Court File No. 160). The Court finds the magistrate judge correctly denied RLI's motion to strike and considered Defendants' supplemental brief in formulating her R&R in furtherance of judicial economy.

[15] Even though the Plaintiffs are different, the facts and requested relief in these two cases is virtually identical; therefore, they were previously consolidated (Court File No. 37). All issues in case number 1:05-CV-161, in which Cincinnati Insurance Company is the Plaintiff, have been resolved by settlement and agreement of the parties (Court File No. 138). All issues in case number 1:05-CV-157, in which RLI is the Plaintiff, are resolved in the accompanying Judgment Order.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**